UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NICK J. PAPPAS,                )
                               )
    Plaintiff,             )    Case No. 3:13-cv-1055
                               )    Judge Trauger
v.                             )
                               )
CAROLYN W. COLVIN,             )
                               )
    Defendant.             )

## MEMORANDUM AND ORDER

On February 25, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 24), to which the plaintiff, Nick J. Pappas, has filed timely Objections (Docket No. 25), and the defendant has filed a Response (Docket No. 27). The R&R recommends that the plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) be denied and the decision of the Social Security Administration ("SSA") with respect to the plaintiff's claim for disability benefits be affirmed. For the reasons discussed herein, the court will overrule the plaintiff's Objections and accept the R&R.

## BACKGROUND[1]

On May 6, 2010, the plaintiff filed a claim for social security benefits, alleging that he became disabled on February 28, 2008 as a result of lower back problems, high blood pressure, heart and thyroid problems, and a nerve condition. The state agency responsible for administering benefits denied the plaintiff's claim at the initial and reconsideration stages of review. Subsequently, the plaintiff filed a request for a *de novo* hearing and decision by an Administrative Law Judge ("ALJ"). A hearing was held on May 3, 2012. The plaintiff, who

---

[1] The background is taken from the R&R.

1

was then 51 years old, attended the hearing with counsel and testified before the ALJ, as did an impartial vocational expert.  On June 6, 2012, the ALJ issued a written decision in which he concluded that the plaintiff was not disabled.  He made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2009.

2. It was previously found that the claimant is the unmarried widower of the deceased insured worker and has attained the age of 50.  The claimant met the non-disability requirements for disabled widower's benefits set forth in section 202(g) of the Social Security Act.

3. The claimant has not engaged in substantial gainful activity since February 28, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

4. The claimant has the following severe impairments: Alcoholism; Adjustment Disorder; status post bereavement; Personality Disorder, not otherwise specified; Polysubstance Dependence, in sustained full remission. (20 CFR 404.1520(c)).

5. Notwithstanding the claimant's alcohol use, he does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)).

6. After careful consideration of the entire record, I find that, based on all the impairments, including the substance use disorders, the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is unable to sustain concentration and persistence for a minimum of two hours at a time, even for simple and unskilled work, nor is he able to reliably make simple work-related judgments or decisions.  Moreover, he would be reasonably expected to take unscheduled breaks and/or be absent from work secondary to his symptoms of mental functioning, as exacerbated through his alcohol use.  As a result, he would be mentally unable to sustain an eight-hour work day on a regular and continuing basis.

    . . . .

14. If the claimant stopped the substance abuse, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: He would only be able to understand, remember, and carry out simple and detailed instructions of one to four steps, but is able to maintain concentration, persistence and pace for two hours at a time, with normal breaks, in performing tasks which meet these parameters.

    . . . .

17. If the claimant stopped the substance abuse, considering the claimant's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that the claimant could perform (20 CFR 404.1560(c) and 404.1566).

18. The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if he stopped the substance use (20 CFR 404.1520(g) and 303.1535). Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from February 28, 2008, through the date of this decision.

The Appeals Council denied the plaintiff's request for review on August 7, 2013. This denial rendered the ALJ's judgment the "final decision" of the SSA.

The plaintiff filed this civil action on September 27, 2013. (Docket No. 1.) The SSA answered the Complaint on December 17, 2013. (Docket No. 9.) On February 18, 2014, the plaintiff filed a Motion for Judgment on the Pleadings, which the SSA opposed. (Docket Nos. 13, 17 (Opposition), 18 (Reply), 21 (Sur-Reply).)

On February 25, 2015, the Magistrate Judge issued the R&R, which recommended that the plaintiff's Motion for Judgment be denied and that the decision of the SSA be affirmed. The plaintiff filed timely Objections to the R&R on March 10, 2015. (Docket No. 25.) The government opposed the plaintiff's Objections on March 18, 2015. (Docket No. 27.)

## ANALYSIS

### I. Standard of Review

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the

3

report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II.     The Plaintiff's Objections Are Not Specific

The Objections filed by the plaintiff essentially rehash the arguments made in his Motion for Judgment on the Pleadings, which attacked various factual determinations made by the ALJ in his June 6, 2012 decision. For instance, the plaintiff submits as objections:

- "Defendant has to credit the diagnosis of a doctor from Covenant Care (not trained in the nuances of the DSM-IV) and **not** credit mental health professionals (who are trained in the nuances of the DSM-IV).
- "Defendant has to assume that identical entries by the doctor and/or his staff during visits over the course of many months about the amount of alcohol consumed were noted correctly."
- "The Defendant has to ignore the fact that the state agency medical opinion about alcohol provided only the diagnosis that the alcohol dependence was in partial sustained remission."

(Docket No. 25 ¶¶ 1, 4, 8 (emphases in original).) The plaintiff mentions the Magistrate Judge only once in his Objections, agreeing with Magistrate Judge Bryant's statement of the law: "As the Magistrate states on page 14 of the report and recommendation, the mere diagnosis of an impairment says nothing about its medical severity or resulting functional limitations." (*Id.* ¶ 3.) And notably, every objection submitted by the plaintiff begins with a challenge to a decision made by the defendant—*i.e.*, the ALJ and the Social Security Administration—in its June 6, 2012 order. (*Id.*)

4

In short, the plaintiff's Objections appear to constitute a general disagreement with the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence on the record. It is well settled that "a general objection to the entirety of a magistrate's report, without specifying a single issue of contention," is insufficient to trigger a district court's *de novo* review. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). As the Sixth Circuit has instructed:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. . . . We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report."

*Id.* Federal courts have routinely deemed objections "waived" where the objections merely restate the party's arguments that were previously addressed by the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Charles v. Astrue*, No. 3:10-cv-134, 2011 WL 3206464 (E.D. Tenn. July 28, 2011).

Here, because the plaintiff has merely restated his general disagreement with the findings of the ALJ and failed to raise any specific objections to the R&R, the court finds *de novo* review unnecessary and will overrule the plaintiff's Objections.

5

**CONCLUSION**

For these reasons, the plaintiff's Objections to the Report & Recommendation are **OVERRULED**. The Report and Recommendation (Docket No. 24) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby **ORDERED** that the plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is **DENIED** and the decision of the Social Security Administration is **AFFIRMED**. It is further **ORDERED** that the plaintiff's claim is **DISMISSED WITH PREJUDICE**.

Entry of this Order shall constitute final judgment in this action.

It is so **ORDERED**.

Enter this 25th day of March 2015.

ALETA A. TRAUGER
United States District Judge